# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER BUCK, | |
| Plaintiff, | CIVIL ACTION NO. 3:CV-10-2283 |
| v. | (JUDGE CAPUTO) |
| SWIFT TRANSPORTATION COMPANY, INC., | |
| Defendant. | |

## MEMORANDUM ORDER

Presently before the Court is Defendant Swift Transportation Co. Arizona, LLC f/k/a Swift Transportation Co., Inc.'s Motion for Reconsideration of the Order Granting an Adverse Inference Instruction Against It. (Doc. 44.) By way of Memorandum Order dated June 14, 2013 (Doc. 43), I concluded that spoliation occurred in this action with respect to evidence in the form of driver logs, daily inspection and vehicle condition reports, and tracking data. As a sanction, I determined that an instruction will be given at trial that permits the trier of fact to conclude that the unpreserved evidence would have been unfavorable to Defendant's position. Defendant now seeks reconsideration of that decision. In particular, Defendant argues that reconsideration is warranted because I failed to consider arguments it raised in opposition to Plaintiff's motion for sanctions. Thus, Defendant claims that it would be a manifest injustice to impose an adverse inference in this action.

Plaintiff Walter Buck timely filed a brief in opposition to Defendant's motion for reconsideration. Plaintiff asserts that Defendant fails to make the necessary showing to justify reconsideration of the June 14, 2013 Memorandum Order. After Defendant's motion was fully briefed, oral argument was held on the motion on September 12, 2013.

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil

Procedure, which allows a party to move to alter or amend a judgment within twenty-eight (28) days of entry. Fed. R. Civ. P. 59(e). Alternatively, when the reconsideration motion is not to amend or alter the judgment pursuant to Rule 59, Middle District of Pennsylvania Local Rule 7.10 allows a party to seek reconsideration within fourteen (14) days of entry of an order. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985) (citation omitted). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 05 1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

Defendant's motion for reconsideration will be denied. Despite Defendant's claim to the contrary, I fully considered the arguments presented in opposition to Plaintiff's motion for sanctions. Stated simply, these arguments were unpersuasive. After evaluating the positions of both parties and reviewing the authority relevant to the resolution of Plaintiff's motion, I concluded that Plaintiff made the necessary showing to justify the imposition of

sanctions in the form of an adverse inference in this case. Furthermore, one of Defendant's main arguments in opposition to the imposition of sanctions in this case, its purported good faith belief that settlement had been reached with Plaintiff prior to the destruction of relevant evidence, was discredited at oral argument on Defendant's motion for reconsideration. At oral argument, it was confirmed that the destruction of documents relevant to this case occurred approximately three months before Plaintiff returned a signed copy of the Release and Settlement Agreement to Defendant. Defendant's claim that the documents were not preserved due to its good faith belief of settlement is not convincing. Therefore, since a manifest injustice did not occur under these circumstances, reconsideration of the June 14, 2013 Memorandum Order is not warranted.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Swift Transportation Co. Arizona, LLC f/k/a Swift Transportation Co., Inc.'s Motion for Reconsideration of the Order Granting an Adverse Inference Instruction Against It (Doc. 44) is **DENIED**.

September 19, 2013 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge

3